Filed 12/29/25  P. v. Love CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C102177 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2302450) |
| v. | |
| ANTHONY ELTON LOVE, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Elton Love, Jr. asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief raising ineffective assistance of appellate and trial counsel that lacks merit.  And finding no arguable errors that would result in a disposition more favorable to him, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying offenses come from the Yuba County Sheriff's Department report, which was the factual basis for the plea.  One of the victims, D.C., heard defendant and a woman arguing outside a motel room.  When D.C. went outside, he saw defendant push the woman against D.C.'s car.  D.C. told defendant to get away

1

from his car and defendant punched him in the face, which knocked D.C. to the ground. While D.C. was on the ground, defendant continued to punch and stomp D.C.

Two witnesses called the police. When the police arrived, D.C. had a small laceration on his face and was taken to the hospital for a concussion. Defendant confronted one of the witnesses as the witness was calling the police. Defendant ripped the witness's phone out his hand, threw it on the ground, and stomped on it.

When police contacted the woman involved in the argument with defendant, she had a bloody lip and was heavily intoxicated.

In November 2023, the People charged defendant with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[1] with an allegation that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)); attempting to dissuade a witness (§ 136.1, subd. (b)(1)); and robbery (§ 211). The People further alleged that defendant had a prior strike conviction (§ 667, subd. (b)-(j)), a prior serious felony conviction (§ 667, subd. (a)(1)), and several circumstances in aggravation (Cal. Rules of Court, rule 4.421(a)-(b)).

Defendant pled no contest to all the charges and admitted the great bodily injury allegation, the prior strike allegation, and the aggravating circumstances. In exchange, the trial court dismissed the prior serious felony enhancements and a second case that is not part of this appeal.

The trial court imposed an aggregate prison term of 14 year and 4 months, per the parties' stipulated plea agreement. The stipulated sentence consisted of an 11 year principal term on the assault count (§ 245, subd. (a)(4)), the upper term of four years, doubled due to the prior strike conviction (§ 667, subd. (b)-(j)), plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a)). The court imposed a one year, four month consecutive subordinate term on the dissuading a witness count (§ 136.1,

---

[1] Further undesignated statutory references are to the Penal Code.

2

subd. (b)(1)). The court imposed a two year consecutive subordinate term on the robbery count (§§ 211, 213) consisting of one-third the mid term.

Defendant filed a timely notice of appeal but did not obtain a certificate of probable cause.

## DISCUSSION

Defendant's supplemental brief asserts both his appellate counsel and trial counsel provided ineffective assistance of counsel. Defendant claims appellate counsel has been ineffective by failing to communicate with him and providing defendant with false information. Defendant separately claims his trial counsel was ineffective, asserting counsel was retired when he represented defendant, lost exculpatory evidence, and failed to speak to potential witnesses.

To establish a claim of ineffective assistance of counsel, defendant must prove that counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and that the deficiency resulted in prejudice to defendant. (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)

"On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai*, *supra*, 57 Cal.4th at p. 1009.)

Defendant's claims of ineffective assistance of both counsel fail for three reasons. One, defendant's supplemental brief fails to provide adequate legal argument or citation to authority to support his arguments. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 [issues forfeited if unsupported by argument or citation to authority].) Two, we cannot assume from a silent record that appellate counsel failed to communicate with

3

defendant or gave him false information, nor can we assume trial counsel lost exculpatory evidence, failed to speak to potential witnesses, or was retired when representing defendant.  (See *People v. Medina* (1995) 11 Cal.4th 694, 773 [we cannot assume from a silent record that witnesses were willing and able to give mitigating testimony]; *People v. Mickel* (2016) 2 Cal.5th 181, 198 [noting the difficulty of establishing ineffective assistance on direct appeal because the record often lacks information necessary to such claim].)  And three, defendant has failed to establish the necessary prong of prejudice for all his claims of ineffective assistance of counsel.  For these three reasons, defendant has failed to demonstrate ineffective assistance of appellate counsel or trial counsel.

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/
MESIWALA, J.



We concur:



/s/
RENNER, Acting P. J.



/s/
FEINBERG, J.


4